UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ANTHONY DOUGLAS WILLIAMS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 2:14-CR-37-RLJ-MCLC-1 |
| | ) | 2:16-CV-161-RJL |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 40, 48, 57].[1] The United States responded in opposition on August 15, 2016 [Doc. 43]; Petitioner replied in turn on September 13, 2016 [Doc. 49]. Recently, the United States filed a motion to deny and dismiss the petition based on an intervening decision of the Supreme Court [Doc. 53]. In response, Petitioner filed a motion to "proceed pro se in [his] § 2255 motion" [Doc. 57]. Also before the Court are FDSET's motions to withdraw as counsel [Doc. 56] and for a 30-day extension for the submission of additional pro se arguments [Doc. 55]. For the reasons below, the motion to withdraw [Doc. 56] will be **GRANTED**, the request for an extension of time to amend [Docs. 55] will be **DENIED**, the

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether Petitioner was eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the instant petition. Petitioner subsequently submitted a pro se supplement to FDSET's § 2255 motion. Petitioner recently filed a motion to "proceed pro se in [his] § 2255 motion" with several additional arguments for relief [Doc. 57].

motion to deny and dismiss [Doc. 53] will be **GRANTED,** and the supplemented § 2255 motion [Docs. 40, 48, 57] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

In October of 2014, Petitioner pled guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and using and carrying one or more firearms during and in relation to that drug trafficking offense, in violation of 18 U.S.C. § 924(c) [Doc. 25]. In the plea agreement, the parties agreed that an aggregate term of 286 months' imprisonment would be appropriate for the offenses [*Id.* ¶ 6], and Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," except for "claims of ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 10(b)].

Based on prior Tennessee convictions for felony evading arrest and burglary of a habitation, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with an advisory Guideline range of 262 to 327 months' imprisonment [Presentence Investigation Report (PSR) ¶¶ 24, 40, 44, 69]. Consistent with the plea agreement, this Court sentenced Petitioner to an aggregate term of 286 months' imprisonment on February 12, 2015 [Doc. 34]. Petitioner did not file a direct appeal.

The Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the instant petition within a year of that decision [Doc. 40]. On September 6, 2016, Petitioner field a pro se supplement to the original petition [Doc. 48].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct.

886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 51].

On March 31, 2017, FDSET filed two motions: one asking to withdraw as appointed counsel under the Standing Order in light of *Beckles* [Doc. 56 (explaining that she cannot further pursue a motion to vacate under *Johnson* according to the limited appointment authorization provided by the Standing Order)]; and another requesting that the Court grant Petitioner leave and a 30-day extension of time to file additional *pro se* grounds for collateral relief [Doc. 55]. That same day, the United States filed a motion to dismiss Petitioner's *Johnson*-based challenge in light of *Beckles* [Doc. 53]. In response, Petitioner filed a motion to "proceed pro se" [Doc. 57].

## II.  RESOLUTION OF NON-DISPOSITIVE MOTIONS

Because *Beckles* forecloses any possibility of *Johnson*-based relief, the request to withdraw [Doc. 56] will be **GRANTED** and counsel will be relieved of her duties under the Standing Order. The request for an extension to file additional pro se claims [Doc. 55] will also be **DENIED**.

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)). FDSET filed the original petition on June 9, 2016 [Doc. 40]. At no point during the nine-month period leading up

to the *Beckles* decision did Petitioner attempt to supplement FDSET's filing with alternative grounds for relief. In light of this unjustified delay, an extension of time would be inappropriate.

III. **MOTION TO DISMISS WITH PREJUDICE**

In addition to the petition, this Court is in possession of the United States' request to deny and dismiss Petitioner's collateral challenge to his career offender designation in light of *Beckles*. In response, Petitioner submitted a motion to "proceed pro se in [his] § 2255 motion" [Doc. 57]. In the motion, he argues that *Beckles* does not foreclose the requested collateral relief for the following reasons: (1) he asserts an as applied, not facial, challenge to the career offender enhancement; (2) even if the Guidelines residual provision remains intact, his prior conviction for felony evading arrest does not qualify as a crime of violence under Section 4B1.1; (3) he did not commit the prior state offenses in a violent manner; and (4) the Guideline residual clause is too vague for this Court to "fulfill [its] duty to arrive at the appropriate Guideline range" [Doc. 57]. For the reasons that follow, the motion to deny and dismiss will be **GRANTED**

IV. **SUPPLEMENTED PETITION FOR COLLATERAL RELIEF**

    A. **Standard of Review**

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which

necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

B.      Analysis

The original petition articulates a single ground for relief, arguing that *Johnson* removed felony evading arrest from Section 4B1.2's definition of "crime of violence" and that, without that conviction, Petitioner lacks sufficient predicate offenses for enhancement [Doc. 40].[2] The first pro se supplement adds an additional argument: burglary of a habitation also falls outside of the post-*Johnson* definition of a "crime of violence" [Doc. 48]. The most recent pro se supplement expands the above arguments to include an as applied challenge to Petitioner's career offender enhancement, an assertion that felony evading arrest still falls outside Section 4B1.2's definition of "crime of violence" even if the Guideline residual clause remains in effect, and an argument that he was improperly enhanced because neither prior state offense was in fact violent [Doc. 57]. The United States opposes relief for two reasons: Petitioner waived the right to collaterally

---

[2]     The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

5

challenge his sentence in his plea agreement; and, regardless, both felony evading arrest and burglary of a habitation remain predicates under Section 4B1.1 in light of *Beckles* [Docs. 43, 53].

1. **Waiver**

It is well established that an informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *United States v. McGlivery*, 403 F.3d 361, 363 (6th Cir. 2005). The Sixth Circuit recently held that the same is true even where that waiver prevents a petitioner from challenging his base offense level or career offender enhancement based on *Johnson*. *See In re Garner*, No. 16-1655, 2016 WL 6471761, at *1–2 (6th Cir. Nov. 2, 2016) (denying leave to file a successive petition challenging career offender enhancement based on *Johnson* where defendant voluntarily waived his right to raise collateral challenges).

In an attempt to avoid dismissal, Petitioner points to *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016), in which the Sixth Circuit declined to hold that stipulating to career offender designation in a plea agreement resulted in forfeiture of the right to subsequently challenge that enhancement based on the *Johnson* decision [Doc. 49 pp. 1–2]. Specifically, Petitioner argues that this Court should find that he, like Mr. McBride, "could not have intentionally relinquished a claim based on [a decision] . . . decided after his sentencing." 826 F.3d at 295. Petitioner's reliance on *McBride* is misplaced because, as Judge Sutton explained in *In re Garner*, "the defendant[] in [that case] did not sign [a] plea agreement[] with provisions waiving [his] appellate and collateral review rights." 2016 WL 6471761, at *2.

"The Federal Rules of Criminal Procedure give the parties ample room to tailor plea agreements to different needs—whether they are the right to appeal, the right to benefit from future changes in the law or other concerns that the defendant . . . may have." *United States v. Bradley*,

6

400 F.3d 459, 466 (6th Cir. 2005). For purposes of the instant case, Petitioner "knowingly and voluntarily" waived his right to collaterally challenge his sentence with the exception of cases which involve claims of ineffective assistance or prosecutorial misconduct [Doc. 25 ¶ 10(b)]. The fact that "developments in the law [have] expand[ed] [Petitioner's forfeited] right [of collateral review] . . . does not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *United States v. McGlivery*, 403 F.3d 361, 363 (6th Cir. 2005). In light of the binding nature of Petitioner's wavier, the instant § 2255 motion will be dismissed. *Accord United States v. Avery*, No. 3:16-cv-2, 2016 WL 7467967, at *4–6 (S.D. Ohio Dec. 28, 2016) (denying *Johnson*-based challenge based on pre-*Johnson* waiver); *United States v. Strauss*, No. 16-cv-11397, 2016 WL 68733398, at *2–3 (E.D. Mich. Nov. 2, 2016) (same); *United States v. Muller*, No. 16-cv-20009, 2016 WL 6892268, at *2–3 (E.D. Mich. Nov. 2, 2016) (same).[3]

### 2. Merits of Challenge to Career Offender Designation

Even if the waiver contained in his plea agreement did not bar Petitioner's challenge, it would fail because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. As such, the *Johnson* decision does not justify the collateral relief that Petitioner requests.

---

[3] While this Court recognizes that courts within this district have repeatedly stated that it is "far from clear" that waiver of the right to collaterally challenge a sentence can be enforced to bar challenges based on the *Johnson* decision, *Mefford v. United States*, No. 3:15-cv-575, 2016 WL 1737094, at *1, n. 1 (E.D. Tenn. May 2, 2016); *Cox v. United States*, No. 3:15-cv-362, 2016 WL 552350, at *1, n. 1 (E.D. Tenn. Feb. 10, 2016); *Nance v. United States*, 3:15-cv-387, 2016 WL 527193, at *1, n. 1 (E.D. Tenn. Feb. 9, 2016), each of those cases alleged improper categorization under the ACCA. Unlike mistaken enhancement under the ACCA, improper career offender or base offense level enhancement does not result in a sentence "in excess of the maximum authorized by law." *See, e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 WL 6506506, at *14 (W.D. Ky. Nov. 7, 2008) (explaining that knowing and voluntary waivers are enforceable so longs as they do not result in a miscarriage of justice and that a miscarriage of justice arises where the sentence imposed exceeds the statutory maximum permissible).

7

Because the categorical approach looks only to the prior crime of conviction, it is irrelevant that the Petitioner's escape and burglary offenses did not themselves result in violent confrontation.[4]

To the extent that Petitioner asserts an as applied challenge to his career offender enhancement, that challenge fails because binding Sixth Circuit case law at the time of the instant federal offense afforded him notice that felony evading arrest qualified as a crime of violence, career offender predicate under Section 4B1.1. *See United States v. Doyle*, 678 F.3d 429, 436 (6th Cir. 2012) ("We have fully considered the effect of the Supreme court's recent decision in *Sykes[v. United States*, 131 S. Ct. 2267 (2011)]. Nothing in the decision causes us to reconsider our holding in *Rogers [v. United States*, 594 F.3d 517 (6th Cir. 2010)] that Class E felony evading arrest under Tennessee law . . . is a violent felony' under the ACCA."); *see also United States v. Ford*, 560

---

[4] To determine whether Petitioner's convictions for felony evading arrest and burglary remain crimes of violence under Section 4B1.1, the Court needs to identify the precise crimes of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). To do so, it must employ a "categorical approach," under which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). If the statute categorically aligns with the generic version of the offense, the inquiry is over. If, however, the statute criminalizes conduct in excess of that covered by the enumerated-offense clause, it becomes necessary to determine whether the statute is divisible or indivisible. A divisible statute is one that comprises multiple crimes, alternative sets of elements. *Id.* at 2281. An indivisible statute is one that contains a single crime, lone set of indivisible elements. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). When faced with a divisible statute, the Court can resort to the "modified categorical approach," i.e., consult "a limited class of documents, such as indictments and jury instructions, to determine which alternative [set of elements] formed the basis of the defendant's prior conviction." *Id.* at 2281. "[T]he job . . . of the modified approach [is only] to identify, from among several alternatives, the crime of conviction so that the court can" determine whether that variant of the offense qualifies as a violent felony under the ACCA's definition of violent felony. *Id.* at 2285. Because the categorical and modified approaches are concerned with elements and not "facts underlying [any particular] conviction," *Id.* at 2285, the Court is prohibited from using either approach to distinguish between alternative means for satisfying a single indivisible element. *Mathis*, 136 S. Ct. at 2253–54. Thus, it is important to distinguish between divisible provisions to which the Court can apply the modified approach and indivisible provisions to which it cannot. Convictions under an overly broad indivisible provision are incapable of serving as predicates.

8

F.3d 420, 421 (6th Cir. 2009) ("[W]e treat a 'crime of violence' under [Section] 4B1.1 of the Guidelines the same as a 'violent felony under [the ACCA]."). To the extent that Petitioner suggests the Sixth Circuit erred when it held that evading arrest qualifies as a predicate offense under the residual clause, he has not provided any argument or analysis in support of that assertion.

## IV. CONCLUSION

For the reasons discussed above, the motion to withdraw [Doc. 56] will be **GRANTED**, the request for an extension of time to amend [Docs. 55] will be **DENIED**, the motion to deny and dismiss [Doc. 53] will be **GRANTED,** and the supplemented § 2255 motion [Docs. 40, 48, 57] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge